**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NIAMA MALACHI, | |
| Plaintiff, | **JURY DEMAND** |
| vs. | |
| PATRICIA McCLURE, SIGNATURE HEALTHCARE, LLC, and AURORA CHICAGO LAKE SHORE HOSPITAL, | |
| Defendants. | |

**COMPLAINT**

Plaintiff, NIAMA MALACHI, by and through her attorney, Aaron B. Maduff of Maduff & Maduff, LLC, for her Complaint against Defendants, alleges and states as follows:

**INTRODUCTION**

1.      Plaintiff, Niama Malachi, an African-American woman, was the Director of Performance Improvement Risk and Quality for Defendant Aurora Chicago Lake Shore Hospital.  In or around December of 2018, the Hospital terminated its CEO, Malachi's supervisor, and  hired an interim supervisor.  In or around March of 2019, the Hospital hired Defendant Patricia McClure as the permanent CEO.

2.      A few days after she was hired, McClure told Plaintiff that her work was "ghetto" and "street".    Malachi made a complaint of race discrimination to Corporate Compliance.  Thereafter McClure attempted a casual insincere apology which appeared to be slipped in because it was required by Human Resources.  Plaintiff was uncomfortable and did not respond.   The tension between McClure and Plaintiff was high enough that Malachi was forced to take leave pursuant the Family and Medical Leave Act which was approved.

3.      While Plaintiff was on leave, the hospital took her laptop and changed her passwords and hired a replacement for her.  When Malachi attempted to return to work, she

1

was told that she had to work from home depriving her of interaction with her peers and subordinates, isolating her, and making it impossible for her to successfully do her job.

4.        On May 23, 2019, Malachi filed a charge of discrimination with the United States Equal Employment Opportunity Commission.  Defendants eventually permitted her to return to work, but even then deprived her of her regular duties and isolated her.  Plaintiff had only returned to work for a week, when Defendant terminated her on September 3, 2019.  Malachi brings this case for violations of the Family and Medical Leave Act and for discrimination and retaliation in violation of 42 U.S.C. §1981.

5.

**THE PARTIES**

6.        Plaintiff, Niama Malachi, (hereinafter "Plaintiff" or "Malachi")  is an African-American citizen of the State of Illinois residing within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. Ms. Malachi was engaged in a contract for employment with Defendant Chicago Lake Shore Hospital.  At all times relevant to this Complaint before her termination, Ms. Malachi was an "eligible employee" as defined by the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2611(2).

7.        Defendant McClure (hereinafter "McClure") is, on information and belief a citizen of the State of Illinois residing within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. At all times relevant to this Complaint, Defendant McClure was an "employer" as defined by the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2611(4).

8.        Defendant Aurora Chicago Lakeshore Hospital (hereinafter "Hospital" or "ACLH") is, on information and belief a corporation licensed and doing business within the

2

State of Illinois and the territorial jurisdiction of the United States District Court for the Northern District of Illinois. Defendant Hospital was engaged in a contract for employment with Plaintiff. At all times relevant to this Complaint, Defendant ACLH was an "employer" as defined by the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2611(4).

9. On information and belief, Defendant Signature HealthCare, LLC, (hereinafter "Signature") is the owner of Defendant ACLH and has ultimate authority and responsibility for its activities. The Corporate Compliance Department of Signature is responsible for and manages compliance for Defendant ACLH. On information and belief, Defendant Signature is a corporation licensed and doing business within the State of Illinois and the territorial jurisdiction of the United States District Court for the Northern District of Illinois. Defendant Signature through its subsidiary, Defendant Hospital was engaged in a contract for employment with Plaintiff. At all times relevant to this Complaint, Defendant Signature was an "employer" as defined by the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2611(4).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based upon the FMLA 29 U.S.C. §2612 *et seq.,* and 42 U.S.C. §1981 *et seq*.

## FACTS

EMPLOYMENT HISTORY AND BACKGROUND OF DISCRIMINATORY TREATMENT

11. Plaintiff, Niama Malachi, and African-American woman.

3

12.     She was hired in or around July of 2015 by Defendant ACLH as the Director of Performance Improvement Risk and Quality.

13.     She reported directly to the CEO of Defendant ACLH.

14.     Plaintiff was also supervised by the Regional Director of Defendant Signature.

15.     Plaintiff received exceptional performance reviews from her direct supervisor and there was never a complaint made about her performance.


McClure's Hire and Plaintiff's Complaint of Discrimination

16.     In or around December of 2018, Signature terminated ACLH's CEO, Plaintiff's supervisor.

17.     Defendant Signature placed an interim CEO in the position until March of 2019 when it hired Defendant McClure as CEO of ACLH.

18.     Within the first week of taking over as CEO, Defendant McClure was in the Board Room with Plaintiff Malachi and described Plaintiff's work as "ghetto" and "street".

19.     On or about March 14, 2019 Malachi filed a complaint of discrimination to Corporate Compliance for race discrimination.

20.     The Corporate Compliance department is part of Defendant Signature.

21.     On information and belief, Corporate Compliance never investigated the Complaint.

22.      On information and belief Corporate Compliance by one of its agents ordered Defendant McClure to apologize to Plaintiff for the comment.

23.     Within a week of Plaintiff's complaint to Corporate Compliance, Defendant McClure made an off-hand, casual, and insincere apology to Plaintiff for the discriminatory comments.

Plaintiff's FMLA leave and Replacement

24.     Because the apology was forced and insincere, it made Plaintiff very uncomfortable and Plaintiff did not respond.

25.     Shortly thereafter, as a result of tension between Defendant McClure and Plaintiff which was causing Plaintiff significant anxiety, Plaintiff took a leave of absence pursuant to the FMLA.

26.     The FMLA leave was approved.

27.     On or about March 26, 2019, 2019, while Plaintiff  was on FMLA leave, Defendant began demanding that Plaintiff return her laptop.

28.     It then changed her passwords.

29.     Defendant also hired a replacement Director of Performance Improvement, Risk Management and Quality Assurance.

Defendants refuse to permit Plaintiff to return to her office and eventually terminates her

30.     In or around April of 2019, Plaintiff attempted to return to work.

31.     To do so Plaintiff physically appeared at work, but was turned away because Defendant wanted clearance from her physician.

32.     On or about May 13, 2019 Plaintiff was able to get a return to work note from her physician to return to work on May 14, 2019.

33.     Plaintiff sent the note immediately on May 13, 2019.

34.     Plaintiff was told that Defendant McClure was busy and that she needed to catch Plaintiff up to speed before she was returned to work.

35.     Plaintiff was delayed for three days and so made another complaint to Corporate Compliance asking why she was not being returned to work

36.     Corporate Compliance told her that ACLH was still very busy and that Human Resources would call her.

37.     A few days later Human Resources contacted Plaintiff and told her to return to work the following Monday.

38.     Plaintiff returned to work that Monday and met with Human Resources and Defendant McClure.

39.     McClure acknowledged that they were going to bring Plaintiff up to speed, but stated that they were not yet able to do so.

40.     McClure then put Plaintiff on a single project, depriving Plaintiff of her regular duties.

41.     Human Resources then told Plaintiff that she could not go back to her office and had to work from home.

42.     On information and belief, Plaintiff's subordinates and peers were told not to contact her.

43.     Plaintiff was therefore isolated.

44.     Plaintiff was told by a former Human Resources Manager that the reason Defendant McClure wanted Plaintiff terminated was because she would not accept her apology for the racially charged comments.

6

45.     On May 23, Malachi filed a charge of discrimination with the United States Equal Employment Opportunity Commission.

46.     After mediation efforts failed, on or about September 3, 2019, Malachi was terminated.

## COUNT I

### DEMAND FOR RELIEF
### FOR INTERFRERENCE WITH FMLA RIGHTS
### 29 U.S.C. §2615

47.     Plaintiff restates and realleges paragraphs 1 through 46 as paragraph 47 of this Count I.

48.     By virtue of the foregoing, Defendants have interfered with Plaintiff's right to leave under the FMLA by not permitting her to return to work.

49.     As a result of this violation, Plaintiff has suffered damages in the form of lost wages.

WHEREFORE, Plaintiff, Niama Malachi respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants jointly and severally for lost wages, liquidated damages, attorneys fees and costs, and for such other and further relief this Court deems just and equitable.

## COUNT II

## DEMAND FOR RELIEF
## FOR DISCRIMINATION AND RETLATION IN VIOLATION OF
## 42 U.S.C. §1981

50.     Plaintiff restates and realleges paragraphs 1 through 46 as paragraph 50 of this Count II.

51.     By virtue of the foregoing, Defendants have discriminated and retaliated against Plaintiff in violation of 42 U.S.C. § 1981.

52.     As a result of these violations, Plaintiff has suffered damages of both a pecuniary and non-pecuniary nature.

53.     These violations were willful and malicious warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Niama Malachi respectfully requests that this Honorable Court enter judgment in her favor and against all Defendants for compensatory and punitive damages, for attorney's fees and costs, and for such other and further relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE**

Respectfully Submitted,

By:/s/ Aaron B. Maduff

Aaron B. Maduff
Attorney No. 6226932
Maduff & Maduff, LLC
Michigan Plaza At Illinois Center
205 N. Michigan Ave
Suite 2050
Chicago, Illinois 60601
Phone: 312-276-9000